UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS A. VENA,<br><br>                                       Plaintiffs,<br><br>v.<br><br>MOORE, SCHULMAN & MOORE, APC; JULIE WESTERMAN, DAVID SCHULMAN; and DOES 1-100, inclusive,<br><br>                                       Defendants. | Case No.:  22cv437-W(BLM)<br><br>**ORDER GRANTING EX PARTE MOTION TO CONTINUE DISCOVERY AND PRETRIAL DATES**<br><br>**[ECF NO. 48]** |

On April 25, 2023, Plaintiff filed an *Ex Parte* Motion to Continue Discovery and Pretrial Dates ("Motion").  ECF No. 48.  Plaintiff seeks to continue the remaining deadlines by sixty days. Id. at 1.  The Court notes that Defendants do not oppose Plaintiff's *ex parte* motion.  See ECF No. 48-2, Declaration of Mark D. Myers in Support of Ex Parte Motion to Continue Discovery and Pretrial Dates ("Myers Decl."), at ¶ 9.

In support, Plaintiff states that the parties need more time to resolve informally "several significant discovery disputes" that "have hindered both parties' discovery efforts." Motion at 1-2.  In further support, Plaintiff indicates that his non-retained expert witness is unavailable to take a more active role in this case for the next two to three months due to a personal emergency, which "will continue to slow the discovery process." Id. at 2; Myers Decl. at ¶¶ 7 & 8.  Finally, Plaintiff notes that his income and the marital estate's business income have been

held in trust due to the underlying family law matter, making him "temporarily unable to pay his legal bills and other expenses in this case."[1]  Motion at 2; ECF No. 48-1, Declaration of Nicholas Vena in Support of Ex Parte Motion to Continue Discovery and Pretrial Dates ("Vena Decl."), at ¶¶ 3 & 4; Myers Decl. at ¶¶ 3 & 5.  Plaintiff intends to challenge the holding of his assets in trust, but he has been unable to do so because of continuances in the underlying family law case.  Motion at 2; Myers Decl. at ¶¶ 4-6.

The Court notes this is the first request to continue discovery and pretrial dates.  See Docket.

Good cause appearing, the Plaintiff's motion is **GRANTED** as follows:

| Event | Current Date | New Date |
|---|---|---|
| Fact Discovery Cutoff | June 2, 2023 | August 1, 2023 |
| Expert Designation[2] | April 21, 2023 | June 21, 2023 |
| Rebuttal Expert Designation | May 19, 2023 | July 18, 2023 |
| Disclosures pursuant to Rule 26(a)(2)(A) and (B) | June 23, 2023 | August 22, 2023 |
| Supplemental Disclosures pursuant to Rule 26(a)(2)(D) and 26(e) | July 21, 2023 | September 21, 2023 |
| Expert Discovery Cutoff | August 18, 2023 | October 18, 2023 |
| Pretrial Motion Cutoff | September 22, 2023 | November 22, 2023 |
| Confidential Statements and Participant Lists | October 9, 2023 | December 29, 2023 |
| Mandatory Settlement Conference | October 19, 2023 @ 9:30 a.m. | January 9, 2024 @ 9:30 a.m. |
| Pretrial Disclosure | December 18, 2023 | February 20, 2024 |

---

[1] Plaintiff indicates that he is making new financial arrangements that "will allow [him] to continue litigating this case without interruption."  Vena Decl. at ¶ 5.

[2] Plaintiff states that the parties complied with the April 21, 2023 deadline and "designate[d] experts in writing, based on information now available to them."  Motion at 3.  Plaintiff asks, with Defendants' agreement, that the Court extend the deadline "to allow the parties to supplement or amend their disclosures if needed."  Id.

| Action Required by Local Rule 16.1(f)(4) | December 26, 2023 | February 26, 2024 |
|---|---|---|
| Proposed Pretrial Order to Opposing Counsel | January 2, 2024 | March 4, 2024 |
| Lodging Proposed Pretrial Order | January 8, 2024 | March 11, 2024 |
| Informal Letter Briefs | January 17, 2024 | March 20, 2024 |
| Pretrial Conference | January 22, 2024 @ 10:30 a.m. | March 25, 2024 @ 10:30 a.m. |

All other guidelines and requirements remain unchanged.  See ECF No. 22.

**IT IS SO ORDERED**.

Dated:  4/26/2023

Hon. Barbara L. Major
United States Magistrate Judge