UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS A. VENA,<br><br>                                    Plaintiff,<br><br>v.<br><br>MOORE, SCHULMAN & MOORE, APC, et al.,<br><br>                                    Defendants. | Case No.:   22-cv-437-W-BLM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY** |

Currently before the Court is Plaintiff's September 14, 2023 Motion to Compel Discovery from Defendants Moore, Schulman & Moore, APC ("MSM"), Julie Westerman, and David Schulman ("Defendants") [ECF No. 57 ("MTC")], Defendants' September 21, 2023 opposition to Plaintiff's MTC [ECF No. 58 ("Oppo.")], and Plaintiff's September 28, 2023 reply [ECF No. 59 ("Reply")]. For the reasons set forth below, Plaintiff's MTC is **GRANTED IN PART** and **DENIED IN PART.**

## PROCEDURAL BACKGROUND

The instant matter was initiated in this Court on April 1, 2022 when Plaintiff filed a complaint alleging, *inter alia*, that Defendants deprived Plaintiff of his due process rights. ECF No. 1.

On August 7, 2023, the parties filed a joint motion to continue Plaintiff's deadline to file a motion to compel discovery responses. ECF No. 54. On the same day, the Court granted the joint motion. ECF No 55.

On September 6, 2023, both parties participated in a joint discovery conference call with Judge Major's Law Clerk pursuant to the Court's Chamber Rules. Declaration of Mark D. Myers in Support of Motion to Compel Discovery from Defendants ("Myers Decl.") at ¶ 22. On September 7, 2023, the Court issued a Briefing Schedule regarding the discovery dispute wherein the Plaintiff was required to file any motion to compel on or before September 14, 2023, Defendants may have filed any opposition on or before September 21, 2023, and Plaintiff may have filed any reply on or before September 28, 2023. ECF No. 56.

On September 14, 2023, Plaintiff filed the instant MTC. ECF No. 57. On September 21, 2023, Defendants filed an opposition to Plaintiff's MTC [ECF No. 58], and on September 28, 2023, Plaintiff filed a reply. ECF No. 59.

## **RELEVANT FACT & DISCOVERY BACKGROUND**

This case involves claims that Defendants deprived Plaintiff of his due process rights while litigating against him in a marital dissolution action in state court ("Vena matter" or "underlying action"). MTC at 1. The parties in the underlying action retained Commissioner Jeannie Lowe as a privately compensated temporary judge and she was duly appointed to preside over the underlying action. Id. Plaintiff alleges that during the underlying action, Defendant MSM by and through Defendants Westerman and Schulman retained Commissioner Lowe in other matters to such an extent that it created an appearance of bias and actual bias resulted. Id. Commissioner Lowe was eventually disqualified and all her orders were voided. Id.

On May 17, 2023, Plaintiff served two sets of Requests for Production of Documents and a single set of Interrogatories on Defendant MSM, a single set of Interrogatories on Defendant Julie Westerman, and a set of Interrogatories, Requests for Production of Documents, and Requests for Admission on Defendant David Schulman. MTC at 2; Myers Decl. at ¶ 4, Ex. F; Oppo. at 6. While Defendants responded to the discovery in a timely manner, they did not answer the majority of the requests and did not provide responsive documents. MTC at 2; Myers Decl., Exs. B, C, D, K; Oppo. at 6. Counsel engaged in repeated meet and confer efforts and Defendants supplemented several of their discovery responses. MTC at 2-3; Myers Decl., Exs.

A, E, H, J, L-N; Oppo. at 6-7. Ultimately, the parties were unable to resolve their disagreements and the instant motion was filed.

## **LEGAL STANDARD**

The scope of discovery under the Federal Rules of Civil Procedure is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving issues, and whether the burden or expense of the proposed discovery outweighs the likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

District courts have broad discretion to determine relevancy for discovery purposes.  See Hallet v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).  District courts also have broad discretion to limit discovery to prevent abuse.  See Fed. R. Civ. P. 26(b)(2) (instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)").  Limits should be imposed where the burden or expense of the proposed discovery outweighs the likely benefits.  Fed. R. Civ. P. 26(b)(2)(C).

Any party, on notice to all other parties and all affected persons, may apply for an order compelling discovery or disclosure. Fed. R. Civ. P. § 37(a)(1). Federal Rule of Civil Procedure Rule 37 provides for an entry of an order compelling discovery where a party has failed to respond to an interrogatory or request for production on the following grounds:

> A party seeking discovery may move for an order compelling an answer [or] production […] if (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted or fails to permit inspection as requested under Rule 34.

1   Fed. R. Civ. P. § 37(a)(3)(B)(iii)-(iv).

2   **A. Interrogatories**

3   Rule 33 provides that a party may serve on any other party interrogatories that relate to

4   any matter within the scope of discovery defined in Rule 26(b). Fed. R. Civ. P. 33(a)(2). "The

5   grounds for objecting to an interrogatory must be stated with specificity, [and] [a]ny ground

6   not stated in a timely objection is waived unless the court, for good cause, excuses the failure."

7   Fed. R. Civ. P. 33(b)(4). Any interrogatory not objected to must be answered fully in writing

8   under oath. Fed. R. Civ. P. 33(b)(3).

9   **1. Defendant Westerman Interrogatory No. 23**

10   **Plaintiff's Interrogatory No. 23 to Defendant Westerman:** IDENTIFY all

11   PERSONS within YOUR firm who were consulted in connection with the RETENTION OF COMMISSIONER LOWE in the VENA MATTER.

12   **Defendant Westerman's response to Interrogatory No. 23:** Objection. This

13   interrogatory is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor proportional to the needs

14   of the case, as required by Federal Rule of Civil Procedure 26(b)(1). Specifically, this interrogatory seeks information protected by the attorney work-product

15   doctrine.

16   MTC at 4; Myers Decl., Ex. A at 5.

17   **Defendant Westerman's supplemental response to Interrogatory No. 23:**

18   Objection. Responding Party objects to this Interrogatory as calling for speculation on its face. Without waiving this objection, Responding Party responds that she

19   discussed taking the Vena case to a private judge with Amy Feldman, but does not recall specifics of the conversation. Responding party may have discussed the

20   matter with Dave Schulman, but does not recall with any specificity whether she did or not.

21   MTC at 4-5; Myers Decl., Ex. A at 5.

22   Plaintiff explains that this interrogatory's main purpose is to "identify potential deponents

23   and additional matters for discovery" and argues that Defendant Westerman did not conduct a

24   reasonable inquiry to adequately respond to the Interrogatory as she did not consult other

25   attorneys and staff at MSM for the information sought. MTC at 4, 6. Defendant Westerman

26   responds that Plaintiff's assertion that the response is deficient is "premised on Plaintiff's

27   unsupported belief that Ms. Westerman [] should have interrogated each of the attorneys and

28   staff at her firm [] to determine if any additional information exists." Oppo. at 9.

22-cv-437-W-BLM

The Court agrees with Defendant. Defendant Westerman had an obligation to review appropriate materials and "respond to the fullest extent possible" but was not required to "conduct extensive research in order to answer an interrogatory[.]" Mike v. City of Pheonix, 497 F.Supp.3d 442, 466 (D. Arizona 2020) (quoting Gorrell v. Sneath, 292 F.R.D 629, 632 (E.D. Cal. 2013). Plaintiff relies on Ferguson v. Wilcher, 2019 WL 3017670 at *2 (C.D. Cal. April 3, 2019) to argue that Defendant had a duty to conduct further investigation to identify other individuals who may have been consulted. MTC at 10-11. In Ferguson, the court held that interrogatory responses that consisted of boilerplate objections and which merely stated "does not recall" ran afoul of Rule 33's duty to undertake a reasonable inquiry. Id. at 2. Ferguson is distinguishable from this matter as the respondent in that case provided responses to interrogatories that only provided objections and stated "does not recall."

Here, Defendant Westerman provided the names of the two individuals she consulted or may have consulted on the issue. Plaintiff does not provide any case law supporting his argument that an individual defendant must interview other employees to adequately respond to an interrogatory directed to the individual. See MTC.

Plaintiff's MTC Defendant Westerman's further response to Interrogatory No. 23 is **DENIED.**

### 2. MSM Interrogatory Nos. 14-15.

**Plaintiff's Interrogatories Nos. 14-15 to Defendant MSM:**

**Interrogatory No. 14:** Describe to the fullest extent possible the steps YOU follow in order when considering whether to represent clients, in order to determine whether ethical restrictions prevent YOU from accepting the matter.

**Response to Interrogatory 14:** Objection. This interrogatory is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action not proportional to the needs of the case, as required by Federal Rule of Civil Procedure 26(b)(1). Defendant objects to this interrogatory on the grounds that it seeks disclosure of confidential information.

**Interrogatory No. 15:** Describe to the fullest extent possible the means YOU use to evaluate private judges, mediators, and arbitrators before retaining or agreeing to retain them.

**Response to Interrogatory 15:** Objection. This interrogatory is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action not proportional to the needs of the case, as required by

Federal Rule of Civil Procedure 26(b)(1). Defendant objects to this interrogatory on the grounds that it seeks disclosure of confidential information.

MTC at 7; Myers Decl., Ex. C at 5-6.

In its opposition to the instant MTC, Defendant MSM asserts that these interrogatories seek disclosure of information protected by the attorney work-product doctrine and argues that it should not be required to provide the privileged information. Oppo. at 10-12. Defendant MSM did not assert this objection or privilege in its response to either interrogatory so the objection is waived. See Fed. R. Civ. P. 33(b)(4); see also Hall v. Marriott International, Inc., 2021 WL 1906464 at *10 (S.D. Cal. May 12, 2021).

Defendant does not address or explain the basis for the objections that it did list in its interrogatory responses. Oppo. at 10-12. For example, Defendant does not argue that the requested information is not relevant or that it is not proportional to the needs of the case. Id. Similarly, Defendant does not explain the "confidential" nature of the information and why the existing Protective Order is insufficient to protect it. Id. In contrast, Plaintiff explains why he believes the requested information is relevant and not burdensome. MTC at 7-9; Reply at 6-7.

The Court has considered Plaintiff's relevance arguments and finds that Plaintiff has established the relevance of the information requested in interrogatory No. 15 but not the information requested in interrogatory No. 14. Accordingly, and because Defendant's attorney work product argument is waived since Defendant did not timely assert that objection, the Court **GRANTS** Plaintiff's MTC further response to Interrogatory No. 15 and **DENIES** it as to Interrogatory No. 14.

### 3. MSM Interrogatory No. 16

**Interrogatory No. 16:** IDENTIFY all LEGAL WORK in the VENA MATTER from January 1, 2020 through March 1, 2022 by attorney Sarah Bear.

**Response to Interrogatory 16:** Objection. This interrogatory is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action not proportional to the needs of the case, as required by Federal Rule of Civil Procedure 26(b)(1). Specifically, this interrogatory is overly broad because it spans over two years in scope when Commissioner Lowe only presided over the Vena matter for one year, approximately September 18, 2020 – September 28, 2021.

**Supplemental Response to Interrogatory 16:** Responding Party objects to this interrogatory on the grounds that it is overbroad and seeks information that

1   is protected by attorney-client privilege and the attorney work-product doctrine.
    Responding Party cannot respond to this interrogatory as phrased.

2   MTC at 9; Myers Decl., Ex. C at 6.

3          Plaintiff is seeking a "description of the nature of the work, the subject matter of the

4   work, the dates the work was performed, the hours spent both per day and in total, where the

5   work was performed, and whether it involved an appearance before a court." MTC at 9; Myers

6   Decl., Ex. F at 2. Defendant MSM previously identified attorney Sarah Bear as an attorney who

7   had worked on the Vena matter in a response to Plaintiff's Interrogatory No. 2 and Plaintiff seeks

8   the information requested to determine whether attorney Sarah Bear needs to be deposed. MTC

9   at 10. Further, in a January 3, 2022 declaration filed by Christine Vena, she declared that

10  attorney Sarah Bear had not worked on the Vena matter so Plaintiff is now seeking to determine

11  which information is correct. MTC at 11; Myers Decl., Ex. G. Plaintiff also argues that Defendant's

12  privilege objections are without merit as attorney Sarah Bear's client in the Vena matter,

13  Christine Vena, waived privilege when she filed the January 3, 2022 declaration that describes

14  the work performed by MSM and Defendants on the underlying matter. Id. Plaintiff further

15  argues that an attorney's appearances in court, the amount of the fee for representation, and

16  the general purpose of legal work in a case are never privileged. MTC at 12. Finally, Plaintiff

17  argues that privilege was waived when it was not asserted in the initial interrogatory response.

18  Id.

19         In its opposition, Defendant argues only that the work-product doctrine precludes

20  disclosure of any responsive information and that all non-privileged materials have already been

21  provided. Oppo. at 10-12.

22         First, as with Interrogatory Nos. 14-15 discussed above, Defendant untimely asserted the

23  work-product doctrine objection for the first time in its supplemental response. Oppo. at 10-12.

24  The Court finds that Defendant MSM waived any objection by first asserting it in the

25  supplemental response. See Wolff v. Tomahawk Manufacturing, 2023 WL 5571899 at *20 (D.

26  Oregon Aug. 29, 2023) (quoting Ramirez v. County of Los Angeles, 231 F.R.D. 407, 410 (C.D.

27  Cal. 2005)) (The court rejected objections to discovery responses first raised in the party's

28  supplemental responses and held that an objection first asserted in a supplemental response is

waived as it is well settled that failure to timely object to discovery requests within the time frame required constitutes a waiver of the objection and a court should not consider objections that were not asserted in the responding party's original timely discovery responses).

Next, Defendant objects to this Interrogatory on the grounds that it is "overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action not proportional to the needs of the case." MTC at 9; Myers Decl., Ex. C at 6. Again, Defendant did not address these objections in its opposition. See Oppo. The Court finds the request as written is vague and overbroad but also finds it seeks relevant information as clarified by Plaintiff during the meet and confer process. Plaintiff's motion is granted in part and Defendant MSM is ordered to provide: (1) the date(s) of the work, (2) the hours worked, and (3) whether the work involved a court appearance.

Plaintiff's MTC Defendant MSM's response to Interrogatory No. 16 is **GRANTED** in part.

### 4. Schulman Interrogatory No. 9

**Interrogatory No. 9**: IDENTIFY all PERSONS who between September 21, 2020 and September 2, 2021 knew that COMMISSIONER LOWE had been retained in matters that attorneys from YOUR firm worked on, other than the VENA MATTER.

MTC at 12; Myers Decl., Ex. H at 7.

**Response to Interrogatory No. 9:** Objection. This Interrogatory is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of the case, as required by Federal Rule of Civil Procedure 26(b)(1).  Defendant objects to this interrogatory on the grounds that it seeks disclosure of confidential information.

**Supplemental Response to Interrogatory No. 9:** Responding Party objects to this interrogatory as calling for speculation. Responding Party can assume that opposing counsels on JAMS Ref. No. 1240024528, JAMS Ref. No. 1240024484, and JAMS Ref. No. 1240024513 knew that MSM had been retained to represent clients before Commissioner Lowe, but Responding party does not have knowledge of which individuals had the knowledge described in the interrogatory at the specific time. Responding Party can further assume that attorneys Erik Moore and Sarah Bear may have known that Commissioner Lowe had been retained on one or more MSM cases during the responsive time period, but again Responding Party does not have first-hand knowledge of their knowledge. Responding Party himself knew that Commissioner Lowe had been retained on one or more MSM matters during the responsive time period.

MTC at 12; Myers Decl., Ex. H at 7-8.

Plaintiff argues that Defendant Schulman's response is improper as he was required to

undertake a reasonable inquiry to investigate and respond with information based on records and the statements of other people. MTC at 13. Plaintiff also argues that Defendant Schulman is required to respond "to the fullest extent possible, in good faith using common sense, without being evasive, quibbling, or hypertechnical [sic]." MTC at 13. Plaintiff contends that Defendant Schulman's response that "Erik Moore and Sarah Bear may have know that Commissioner Lowe had been retained on one or more MSM cases during the responsive time period" is feigned ignorance as Defendant Schulman filed a declaration in the underlying Vena matter attesting that he did not have personal knowledge of these matters. Id.; Myers Decl. at Ex. I.

Defendant Schulman argues that this interrogatory is ambiguous and calls for speculation on its face. Oppo. at 12. He also argues that disclosing the information requested would violate his duty of confidentiality to his clients as the "interrogatory necessarily includes MSM's clients." Id. at 13. He further argues that the supplemental response made a good faith effort to provide as much information as possible "in accordance with his professional obligations." Id. at 14. Defendant states he has "responded as thoroughly as he possibly can[.]" Id.

The Court notes that the interrogatory calls for speculation as it seeks information outside of Defendant's knowledge, that is what other individuals "knew," however, Defendant did not assert this objection in his original response to Plaintiff's interrogatory. The Court also finds that the request is overbroad and seeks information that is not relevant to the instant litigation. In addition, as discussed above, Plaintiff has not provided legal support for his argument that an individual Defendant must interview other people to properly answer an interrogatory. The Court finds that Defendant's supplemental response is sufficient given the wording of the request.

Plaintiff's MTC Defendant Schulman's further response to Interrogatory No. 9 is **DENIED.**

### B. Requests for Production

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). The responding party is responsible for all items in the "responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Actual

possession, custody or control is not required.  Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal. 1995).

### 1.  MSM Request for Production Nos. 15-17

**Request for Production No. 15:** All DOCUMENTS SHOWING YOUR policies or procedures during any portion of the time period January 1, 2020 through September 19, 2021 for screening potential cases to avoid conflicts of interest.

**Response to Request for Production No. 15:** Objection. This request encompasses documents protected from discovery by the attorney-client privilege and the attorney work-product doctrine. Defendant further objects to this request on the grounds that it is unduly burdensome and harassing to the extent it seeks documents Defendants have already produced to Plaintiff.

**Supplemental Response to Request for Production No. 15:** Responding Party objects to this Request on the grounds that its internal policies and procedures are the confidential and work product protected information of the firm. Responding Party further objects to this Request on the grounds that the law firm's general policies and procedures are not relevant to the events at issue in this case, nor does the Request seek information that is reasonably calculated to lead to admissible evidence. Responding Party will not produce documents in response to this Request.

**Request for Production No. 16:** All DOCUMENTS SHOWING YOUR policies or procedures during any portion of the time period [between] January 1, 2020 through September 19, 2021 RELATING TO the selection of NEUTRALS.

**Response to Request for Production No. 16:** Objection. This request encompasses documents protected from discovery by the attorney-client privilege and the attorney work-product doctrine. Defendant further objects to this request on the grounds that it is unduly burdensome and harassing to the extent it seeks documents Defendants have already produced to Plaintiff.

**Supplemental Response to Request for Production No. 16:** Responding Party objects to this Request on the grounds that its internal policies and procedures are the confidential and work product protected information of the firm. Responding Party further objects to this Request on the grounds that the law firm's general policies and procedures are not relevant to the events at issue in this case, nor does the Request seek information that is reasonably calculated to lead to admissible evidence. Responding Party will not produce documents in response to this Request.

**Request for Production No. 17:** All DOCUMENTS SHOWING YOUR policies or procedures during part of the time period [between] January 1, 2020 through September 19, 2021 RELATING TO the retention of NEUTRALS.

**Response to Request for Production No. 17:** Objection. This request encompasses documents protected from discovery by the attorney-client privilege and the attorney work-product doctrine. Defendant further objects to this request

22-cv-437-W-BLM

on the grounds that it is unduly burdensome and harassing to the extent it seeks documents Defendants have already produced to Plaintiff.

**Supplemental Response to Request for Production No. 17:** Responding Party objects to this Request on the grounds that its internal policies and procedures are the confidential and work product protected information of the firm. Responding Party further objects to this Request on the grounds that the law firm's general policies and procedures are not relevant to the events at issue in this case, nor does the Request seek information that is reasonably calculated to lead to admissible evidence. Responding Party will not produce documents in response to this Request.

MTC at 14; Myers Decl., Ex. J at 3-5.

Plaintiff argues the requested documents are relevant to determine how MSM screens for conflicts in regard to the retention of neutrals, and how it selects and arranges for their retention. MTC at 15. Plaintiff also argues that materials prepared in the ordinary course of business, such as a law firm's general policies and procedures, are not work product. Id. Plaintiff further argues that the objection on the grounds of attorney-client privilege is without merit since the requested materials regard the firm's internal policies and seek no documents regarding any clients. Reply at 10.

Defendant MSM argues that the responsive documents sought are confidential and protected by both the attorney-client privilege and work product doctrine. Oppo. at 14. Defendant argues that the documents requested contain information pertaining to Defendant attorneys' opinions and mental impressions with respect to the evaluation of cases, the selection and retention of neutrals, and communications regarding the same. Id. at 15.

Initially, the Court notes that while Defendant provided quotes regarding the attorney work product doctrine [Oppo. at 11-12] and the attorney-client privilege [id. at 14-15] and general information regarding confidentiality requirements [id. at 15], Defendant did not address how the doctrine/privileges apply to this case and these requests. Similarly, Defendant argues that these protections are appropriate because the requests seek information on "how MSM selects its clients" and "internal communications among attorneys regarding the State Action, which is still being litigated." Id. at 14. The requests do not seek such information. The requests seek Defendant's policies and procedures regarding conflict screening, selection of neutrals, and retention of neutrals during the relevant time period.

11

Defendant MSM argues that the requested documents are protected by the attorney work product doctrine. Oppo. at 14. The Ninth Circuit has held that a law firm's materials that are capable of being put to a non-adversarial use, or that would be drafted in the same form regardless of the prospect of litigation, are not work product. See A.C.L.U. of No. Calif. V. U.S. Dept. of Justice, 880 F.3d 473, 485 (9th Cir. 2018). This is true even if the policies concern the firm's general litigation practices. See Hatamian v. Advances Micro Devices, Inc., 2016 WL 2606830 at *7 (N.D. Cal. May 6, 2016) (Law firm's general litigation policies and procedures pertaining to interviews with confidential witnesses were not created in anticipation for a case in existing litigation and, therefore, were not attorney work product). Here, Defendant did not address in its opposition how or why the attorney work product doctrine applies in this case and does not argue that the documents were created in anticipation of litigation or for a case. See Oppo. at 14.

Defendant MSM further argues that the requested documents are protected by the attorney-client privilege. The attorney-client privilege protects only confidential communications between attorneys and clients, which are made for the purpose of giving legal advice. See Adidas America, Inc. v. TRB Acquisitions LLC, 324 F.R.D. 389, 392 (D. Oregon Nov. 22, 2017) (quoting United States v. Richey, 632 F.3d 559, 566 (9th Cir. 2011)). Defendant MSM fails to identify how the attorney-client privilege applies in this instance. Oppo. at 15. Defendants can provide their internal policies and procedures without providing any information regarding communications with clients which are made for the purpose of giving legal advice. Finally, the Court notes that Defendant did not provide any specifics regarding the responsive documents that it claims are privileged, confidential, or protected, did not provide a privilege log, and did not address why the existing Protective Order is inadequate to protect the documents.

The Court finds that the requests are vague, overbroad, and possibly improper to the extent that they seek documents or communications regarding the policies or procedures, however, the requested policies and procedures are relevant and not protected. If Defendant possesses responsive policies or procedures regardless of what they are titled, Defendant must produce them.

22-cv-437-W-BLM

Plaintiff's MTC Defendant MSM's production of policies and procedures in response to Requests for Production Nos. 15-17 is **GRANTED** in part as set forth above.

### 2. MSM Request for Production Nos. 18-19

**Request for Production No. 18:** All DOCUMENTS SHOWING YOUR efforts (if any) to prevent the sharing of confidences regarding the VENA MATTER among your attorneys and staff.

**Response to Request for Production No. 18:** Objection. This request encompasses documents protected from discovery by the attorney-client privilege and the attorney work-product doctrine. Defendant further objects to this request on the grounds that it is unduly burdensome and harassing to the extent it seeks documents Defendants have already produced to Plaintiff.

**Request for Production No. 19:** All DOCUMENTS that include COMMUNICATIONS intended to prevent the sharing of confidences regarding the VENA MATTER among YOUR attorneys and staff.

**Response to Request for Production No. 19:** Objection. This request is vague and ambiguous rendering the exact scope of this request uncertain. Defendant objects to this request as unduly burdensome and harassing because it seeks documents Defendants have already produced to Plaintiff. Defendant objects to this request on the grounds that it calls for the disclosure of information protected from discovery by the attorney-client privilege and the attorney work-product doctrine.

MTC at 16; Myers Decl., Ex. J at 4.

Plaintiff argues the requested documents are relevant as they seek to discover "whether other attorneys and staff within the firm were walled off" as there were multiple attorneys in the firm that had matters simultaneously pending before Commissioner Lowe. MTC at 16-17. Plaintiff further argues the documents requested are prepared in the ordinary course of business and, therefore, are not protect by the work-product doctrine. Id at 17.

Defendant argues that the disclosure of documents responsive to this request is prevented by the attorney-client privilege, the attorney work product doctrine, and confidentiality. Oppo. at 14-16.

In contrast to the prior requests, these requests do seek communications that could be protected by the attorney client privilege and may contain attorney work product or confidential information, but Defendant again fails to provide specific argument regarding these requests. While Defendant also does not specifically address the relevance and breadth of the requests, the Court finds that the requests are vague, overbroad and seek information that is not relevant

or is minimally relevant to the instant litigation. In his Reply, Plaintiff states that responsive documents would likely be "*pro forma* documents naming the matter and which personnel were or were not to have access to it." Reply at 11. The Court finds this modification of the requests to be appropriate as it narrows the requests so they are only seeking relevant information. Defendant MSM is ordered to produce documents, if any, showing which attorneys and staff had access to the Vena matter and which attorneys and staff were not allowed to have access to the Vena matter. Plaintiff's MTC Request for Production Nos. 18-19 is **GRANTED** in part.

### 3. Defendant Schulman Request for Production Nos. 4-5

**Request for Production No. 4:** All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and COMMISSIONER LOWE, from January 1, 2020 through the present day, other than those in open court or on the record, and other than those in which PLAINTIFF or PLAINTIFF's counsel also participated.

**Response to Request for Production No. 4:** Objection. This request is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of the case, as required by Federal Rule of Civil Procedure 26(b)(1). Specifically, this request is overbroad because it seeks documents unrelated to the Vena matter which would disclose confidential information of Defendant's other clients and seeks documents outside of the relevant timeframe. Defendant objects to the production of documents subject to confidentiality under the attorney-client privilege and the attorney work-product doctrine. The events relating to the subject matter of this litigation occurred during the time Commissioner Lowe presided over the Vena matter from approximately September 17, 2020 – September 28, 2021.

**Supplemental Response to Request for Production No. 4:** Responding Party objects to the time frame of the request to the extent it runs "to the present day." Such a time frame is plainly beyond the scope of this case. Responding Party further objects to the request as overly broad and not reasonably tailored to the subject matter of this action. Finally, Responding Party objects to this request as implicating the confidential and attorney-client privileged information of his clients. Responding Party has communicated with JAMS only in the context of representing clients in matters before JAMS. Based on these objections, Responding Party will not produce any documents in response to this request.

**Request for Production No. 5:** All emails from January 1, 2020 to the present day that mentioned the word "Lowe" as a standalone word.

**Response to Request for Production No. 5:** Objection. This request is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of the case, as required by Federal Rule of Civil Procedure 26(b)(1). Specifically, this request is overbroad because it seeks documents unrelated to the Vena matter which would disclose confidential information of Defendant's other clients and seeks documents outside of the relevant timeframe. Defendant objects to the production of documents subject to confidentiality under the attorney-client privilege and the attorney work-product doctrine. The events relating to the subject matter of this

litigation occurred during the time Commissioner Lowe presided over the Vena matter from approximately September 17, 2020 – September 28, 2021.

**Supplemental Response to Request for Production No. 4:** Responding Party objects to the time frame of the request to the extent it runs "to the present day." Such a time frame is plainly beyond the scope of this case. Responding Party further objects to the request as overly broad and not reasonably tailored to the subject matter of this action. Finally, Responding Party objects to this request as implicating the confidential and attorney-client privileged information of his clients. Responding Party has communicated about Judge Lowe only in the context of representing clients in matters before JAMS. Based on these objections, Responding Party will not produce any documents in response to this request.

MTC at 17; Myers Decl., Ex. L at 4-5.

Plaintiff indicates that during the meet and confer process, these requests were clarified to exclude communications in which any opposing counsel participated, and documents used in court proceedings. MTC at 17. Plaintiff argues that these requests are proper as they seek communications only between Defendant Schulman and Commissioner Lowe as "an attorney's private communications with the judge who presided or is presiding over his case, occurring outside the court [] are irregular and uncommon." Id. The request seeks communications that are either improper or overly familiar. Id. at 17-18. Plaintiff argues the timeframe is proper as they seek any communications where Defendant Schulman later evaluated or commented on Commissioner Lowe's performance.

Defendant argues that this request seeks confidential, privileged information "[o]n its face." Oppo. at 16. Defendant also argues that "Plaintiff is clearly not entitled to Mr. Schulman's communications with JAMS or Commissioner Lowe which are unrelated to the present matter." Id.

Defendant fails to satisfy his burden of establishing that the requested documents are work product or protected by the attorney-client privilege. The Court finds that Request for Production No. 5 is overbroad as the word "Lowe" could include a variety of irrelevant and potentially privileged or confidential emails if, for example, a client, friend, or opposing counsel had the name "Lowe." The Court finds that Request for Production No. 4. as modified during the meet and confer process seeks relevant information regarding the nature of the relationship between Mr. Schulman and Commissioner Lowe, but the requested time frame is overbroad. The Court finds the correct time frame is January 1, 2020 through October 30, 2021.

Accordingly, the Court partially **GRANTS** Plaintiff's MTC as to Request for Production No. 4 and orders Defendant Schulman to produce all written communications between Defendant Schulman and Commissioner Lowe, from January 1, 2020 through October 30, 2021, other than those in which another attorney (Plaintiff's counsel, any opposing counsel, or any co-counsel) participated or were copied, or those that were filed or presented in court. The Court **DENIES** Plaintiff's MTC as to Request for Production No. 5.

### C. Requests for Admission to Defendant Schulman

The purpose of requests for admission are "to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." Asea, Inc. v. S. Pac. Transp. Co., 669 F.2d 1242, 1245 (9th Cir. 1981). "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." FED. R. CIV. P. 36(a)(4).

> **Request for Admission No. 6:** Admit that COMMISSIONER LOWE was retained as a neutral in a matter YOU worked on that was scheduled for May 19, 2021 and that had JAMS reference number 120024484.
>
> **Response to Request for Admission No. 6:** Defendant admits that Commissioner Lowe was engaged by mutual agreement of the parties and/or their respective attorneys in other matters. Otherwise, this request is denied.
>
> **Supplemental Response to Request for Admission No 6:** Defendant has performed a diligent search and a reasonable inquiry and, based on the information available to Defendant, this request is denied.

MTC at 17; Myers Decl., Ex. M at 3.

Plaintiff argues that his own scrivener's error in Request for Admission No. 6, requesting Defendant Schulman admit that he had worked on a matter with JAMS reference number 120024484 that should have been 1240024484, should be construed as Plaintiff requesting Defendant Schulman admit that he had worked on the matter of JAMS reference number 1240024484. MTC at 22-23. Plaintiff argues that "[i]t strains credibility to suppose that [] Defendant's counsel did not realize that the single omitted digit was a typographical error." Id. at 23.

Defendant argues that the error is not readily discernable and Defendant Schulman "performed a diligent search and made a reasonable inquiry based on the plain text of the

22-cv-437-W-BLM

information provided [] and responded fully and truthfully, which is all FRCP 36 requires." Oppo. at 18.

With the parties' and the Court's time and resources in mind, Plaintiff's MTC Defendant Schulman's Request for Admission No. 6 is **GRANTED.** Defendant Schulman is ordered to supplement his response to Request for Admission No. 6 with the understanding that it is referring to JAMS reference number 1240024484.

## CONCLUSION

In light of the foregoing, Plaintiff's MTC discovery responses is **GRANTED** or partially granted as to: Interrogatories to Defendant MSM, set two, Nos. 15-16; Requests for Production to Defendant MSM, set two, Nos. 15-19; Request for Production to Defendant Schulman, set one, No. 4; Request for Admission to Defendant Schulman, set one, No. 6. Plaintiff's MTC discovery responses is **DENIED** as to Interrogatory to Defendant MSM, set two, No. 14; Interrogatory to Defendant Schulman, set one, No. 9; Interrogatory to Defendant Westerman, set two, No. 23; Request for Production to Defendant Schulman, set one, No. 5. Defendants are ordered to supplement their responses in accordance with this order within fourteen (14) days of this order.

**IT IS SO ORDERED.**

Dated:  10/12/2023

Hon. Barbara L. Major
United States Magistrate Judge

17

22-cv-437-W-BLM